¶ 23.
ANN WALSH BRADLEY, J.
(dissenting). Attorney Othman M. Atta entered into a stipulation which provides he is not contesting the eight counts of misconduct. The misconduct centers on Attorney Atta's consensual sexual involvement with a client that arose during the course of the representation in divorce and immigration matters. The underpinnings of this prohibition are rooted in concerns about conflicts of interest and breach of fiduciary rules. Such concerns address the essence of the professional relationship.
¶ 24. Truth telling also lies at the heart of the profession — especially truth telling to a tribunal. Attorney Atta's misconduct included making false statements to a tribunal by advising the circuit court that the allegations of a romantic relationship with his client were "entirely without merit" in violation of SCR 20:3.3(a)(1). Additionally his misconduct includes making false statements to the Office of Lawyer Regulation in violation of SCR 22.03(6), and to opposing counsel in violation of SCR 20:4.1(a)(l).
*310 ¶ 25. I have written in the past, and I do again today, because the court appears to be too lenient for violations of this nature that undermine the trust relationship and truthfulness required of an attorney. See In re Disciplinary Proceedings Against Ruppelt, 2014 WI 53, | 32, 354 Wis. 2d 738, 850 N.W.2d 1 (Ann Walsh Bradley, J., dissenting).
¶ 26. Because I conclude that the violations warrant more than a public reprimand, I respectfully dissent.
¶ 27. I am authorized to state that Justice SHIRLEY S. ABRAHAMSON joins this dissent.